NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENEIDA GARCIA OLVERA; et al., | No. 18-71811 |
| Petitioners, | Agency Nos. A206-677-334 |
| v. | A206-677-331 |
| | A206-677-332 |
| WILLIAM P. BARR, Attorney General, | A206-677-333 |
| | A206-677-335 |
| Respondent. | |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 10, 2020**
Pasadena, California

Before: PARKER,*** CHRISTEN, and WATFORD, Circuit Judges.

Eneida Garcia Olvera ("Garcia Olvera"), Candelario Berduzco Garcia

("Berduzco Garcia"), and their minor children (collectively, "Petitioners") seek

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

review of a final order of removal issued by the Board of Immigration Appeals ("BIA") in which the BIA upheld the immigration judge's denial of Petitioners' applications for asylum, withholding of removal, and protection under the regulations implementing the Conventions Against Torture ("CAT"). This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(1),[1] and we deny the petition.

We review for substantial evidence the BIA's determination that Petitioners are ineligible for asylum and withholding of removal and reverse "only if the evidence in the record compels a contrary result." *See Parussimova v. Mukasey*, 555 F.3d 734 (9th Cir. 2009) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n. 1 (1992); *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004)).

Substantial evidence supports the BIA's conclusion that Petitioners failed to show that any harm they suffered was on account of their membership in a particular social group or Berduzco Garcia's imputed political opinion.

---

[1]	We reject Petitioners' argument that pursuant to the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration judge lacked jurisdiction over their removal proceedings because their Notices to Appear did not include the date and time of their hearings. This Court acknowledged in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), that *Pereira's* holding was limited to the application of the stop-time rule for cancellation of removal, which is not an issue presented in, and therefore does not govern, this case. *Id.* at 1161. Moreover, a notice to appear lacking information regarding the date and time of the scheduled removal hearing, together with a subsequently served notice of hearing—which Petitioners received—are sufficient to cure any alleged jurisdictional defect. *Id.* at 1161-62.

Persecution on account of economic reasons—without more—is not a protected ground for asylum or withholding of removal. *See Zetino*, 622 F.3d at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (noting that "victims of indiscriminate violence" are not eligible for asylum "unless they are singled out on account of a protected ground"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (finding no nexus where the evidence instead supported the conclusion that the gang victimized the petitioner for economic reasons); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("The available evidence suggests instead that Santos-Lemus was victimized for economic and personal reasons. These motivations do not constitute persecution on account of political opinion."), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Petitioners have not identified any evidence, direct or circumstantial, that compels the contrary conclusion that the gang persecuted them on account of a statutorily protected ground. *See Parussimova*, 555 F.3d at 739. As Petitioners failed to establish that their proposed particular social group and political opinion was or would be a reason for their harm, substantial evidence supports the BIA's conclusion that Petitioners are not eligible for asylum or withholding of removal.

Substantial evidence also supports the BIA's conclusion that Petitioners failed to show that they will more likely than not suffer torture in Mexico. They did not suffer torture in the past, and they did not establish a particularized threat of torture with the consent or acquiescence of the Mexican government but instead based their claim on country conditions showing general crime and violence—neither of which are sufficient to compel a contrary conclusion. *Delgado-Ortiz*, 600 F.3d at 1152 (holding that generalized evidence of violence and crime in Mexico is insufficient to meet the CAT standard because it was not particular to the petitioners in that case).

We have considered Petitioners' other arguments and conclude they are without merit.

As stated in the Court's August 30, 2018 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**

4